# UNITED STATES DISTRICT COURT

Eastern District of Michigan

3

UNITED STATES OF AMERICA

v.

Bryan Sorrell
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-20764-3

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED NOV 06 2013 CLERK'S OFFICE DETROIT

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

_____
_____
_____
_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

11/6/2013
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Bryan Sorrell Order of Detention

This is a presumption case. Defendant is charged by way of Federal Indictment with 1) Conspiracy to Commit Murder in Aid of Racketeering; 2) Assault With a Dangerous Weapon in Aid of Racketeering; 3) Conspiracy to Assault with a Dangerous Weapon in Aid of Racketeering; and 4) Use and Carry of a Firearm During, and in Relation to, a Crime of Violence.

Defendant is a 27 year old single male with two children from two different mothers. He has lived with his mother and father and older brother on Outer Drive in Detroit for the past 12 months. Before that he lived for two years on Mark Twain with his child's mother and before that he lived with his brother on Fielding Street in Detroit. Defendant has been employed full time and part time as an electrician on and off for the past five years. He states that he is enrolled with Penn Foster Career School in their online electrical apprenticeship program and expects to matriculate in December 2016. Defendant has credit card debt and child support arrearages for his two children.

Defendant claims that he has been diagnosed with "bi-polar disorder and depression" at Beaumont Hospital and that he has been prescribed medication for both disorders. He admits that he does not take his medications as prescribed, but takes them when he feels he needs to take them. He could not remember the name of his medication.

Defendant began using marijuana at the age of 14 and admits to daily alcohol consumption. His drug test was returned as positive for the presence of opiates.

At the present time Defendant has three pending criminal cases, two of which are felonies. In two of these cases he received bonds in state court. On October 4, 2013 he appeared in state court on charges of Assault with Intent to Murder and Felony Firearm and is to be arraigned on November 14, 2013 in that case. (This state case is related to the instant federal case). On October 2, 2013 Defendant was charged with Felony Escape and Flight, and a warrant has been requested. He has charges pending in Macomb County Circuit Court (Motor Vehicle Unlawful Driving Away and Conspiracy) and a jury trial has been set for December 17, 2013. He is charged with Assault and Battery in Canton Township in relationship to events that occurred on November 25, 2012, and a Pretrial Hearing is scheduled for November 18, 2013 in that case.

The facts in the instant case are disturbing, and consist of ongoing motor cycle gang violence, retaliation, murder, conspiracies to murder, and targeted assaults with weapons. On September 26, 2013 the Phantom's Detroit chapter president, Steven Caldwell ("Shoe Boots") and another Phantom member, Andre Swift ("He-Man") were gunned down at a stop light when a green Tahoe pulled alongside of them and fired multiple shots at Caldwell and Swift. Both Caldwell and Swift were on motorcycles. Caldwell died, and Swift survived his injuries. The Phantoms believed that a rival gang, the Hell Lovers, were responsible for the shooting and murder of Caldwell, and decided to retaliate.

In recorded conversations with a confidential informant, Defendant Sorrell stated that he wanted to get a gun and that he was "itching like a MF" to get back at the Hell Lovers for what they did (taking out Caldwell). On the next day, September 30, 2013, the Phantoms were given the order by co-defendant Johnson to retaliate against the Hell Lovers. The plan was to kill up to three Hell Lovers, and after the three were buried, to then go out and kill as many Hell Lovers as possible. In a later recorded conversation Sorrell identified himself as the shooter who shot another motorcycle gang member (McGee) in the face, and stated that he grabbed the gun from co-defendant Valdes and shot McGee. Sorrell was also wounded in the stomach during the incident.

There is clear and convincing evidence that Defendant Sorrell poses a danger to the community. By his own admission he has attempted to murder rival gang members using a gun and left him for dead. The instant charges allege violence, specifically allegations of murder. Defendant has a long history of violent behaviors, mental health issues, drug and alcohol dependencies, and has three outstanding criminal cases, two of which are felonies, and all of which involve violent acts. He is currently on bond in state court for two of these cases, and he continues to pursue a path of criminal behavior.

Pretrial Services concludes that Defendant is a danger to the community and that there is no condition or combination of conditions that would assure the safety of others. This Court agrees. Defendant has not rebutted the presumption of detention. Therefore Detention is Ordered.