UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIM. CASE NO. 13-20764

    Plaintiff,

v.

        PAUL D. BORMAN
        U. S. DISTRICT JUDGE

BRYAN SORRELL,

    Defendant.
_____/

**ORDER DENYING MOTION FOR NEW TRIAL FILED
PURSUANT TO FEDERAL RULE OF CRIMINAL
PROCEDURE 33 ON SEPTEMBER 1, 2017**

On March 17, 2015, Defendant was convicted of RICO Conspiracy, 18 U.S.C. §1962(d); Assault With a Dangerous Weapon in Aid of Racketeering, 18 U.S.C. §1959(a)(3); Conspiracy to Assault with a Dangerous Weapon in Aid of Racketeering, 18 U.S.C. §1959(a)(6); Use and Carry of a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. §924(c); Conspiracy to Commit Murder in Aid of Racketeering, 18 U.S.C. §1959(a)(5).

On September 1, 2015, Defendant was sentenced to incarceration for 252 months for the five convictions.

On November 17, 2017, the United States Court of Appeals for the Sixth Circuit affirmed all of Defendant's convictions, *United States v. Marvin Nicholson*

1

*et al*, #15-1963.

Defendant contends that on December 20, 2016, an Assistant U.S. Attorney received an email containing information from a Source of Information (SOI) that Roger Valdes a/k/a "June," a cooperating witness, was telling other inmates that he had mislead police by "telling them that someone else was responsible for the homicide that he is being charged with," and that Valdes "said he actually did fire shots the night of the incident and that the victim was shot over a motorcycle club jacket." Defendant's Motion, Dkt. #743, Page ID 11294.

Defendant's counsel asserts that the Report of Investigation (ROI) was dated March 3, 2014, was not received by Case Agent Jarred Marsh until December 7, 2016, and that the Valdes interview/proffer occurred in the presence of law enforcement officers and Valdes' criminal defense counsel. *Id*. Defendant's motion further alleges that this ROI information was not disclosed to defense counsel for 2½ years; 1½ years after the trial. Defendant contends that this new evidence would probably have led to an acquittal of Defendant Sorrell on all or some of the charges.

Defendant also contends that the government did not disclose hospital medical receipts of the victim of the shooting Leon McGee, that would establish that McGee was not shot in the fact, but "was merely hit by fragments" which

would have assisted Defendant's counsel in impeaching Mr. McGee. Page ID 11297.

Defense counsel contends that failure to disclose this evidence resulted in "a Brady and Giglio violation," and that Defendant should receive a new trial because of the material newly discovered evidence. Page ID 11304.

The Government's response filed September 27, 2017 acknowledges that the ROI information was disclosed to the Defendant in December 2016, after the trial, but contends that the Defendant has not shown that a new trial is warranted. The information was disclosed to defense counsel on December 20, 2016, well after the trial concluded on March 17, 2015, but prior to the appellate argument before the Sixth Circuit.

The Government contends that the ROI "provides substantially the same information as what Valdes [JUNE] testified to in trial." Dkt. #742, Page ID 11324:

> Valdes testified that he did fire a gun at the location where the defendant shot the victim Leon McGee. *See* R456:4769. Thus, the ROI is completely consistent with Valdes' trial testimony: 'According to JUNE, he actually did fire shots the night of the incident.' There is negligible exculpatory or impeachment value to an ROI that states substantially the same thing as what the witness testified to at trial, and certainly not in this case did the government's failure to disclose the ROI prejudice the defendant.

3

*Id*. Page ID 11325.

The Government response then discussed the defendant's burden to show prejudice, per the Supreme Court decision in *Strickler v. Greene*, 527 U.S. 263, 296 (1999):

> Moreover the defendant can come nowhere close to meeting its burden to show prejudice. *Strickler* 527 U.S. at 296. (There is no *Brady* violation unless the information was material to the outcome of the case) There was overwhelming evidence that Sorrell was the person who shot Leon McGee. For example, Sorrell admitted this fact numerous times in a recorded conversation with cooperating witness Carl Miller, and Valdes saw the defendant firing toward McGee. See R.444:3337-40, 2243-45; R. 740:11151-52, 11154-55, 11160, Gov't Ex. 9A; R.740: 11246-48, Gov't Ex. 32A; R.456:4769. Further, Leon McGee identified a photo of the defendant as the person who shot him. *See*, e.g. Gov't Ex. 67.

*Id. Page ID 11325.*

Further, as the Government response notes, Valdes did plead guilty to assault with a dangerous weapon in aid of racketeering and use and carry of firearm during and in relation to a crime of violence, and faced the same guidelines calculations for that shooting that Sorrell did, less the 3 point reduction for Valdes' acceptance of responsibility. *Id*. Page ID 11326.

Defendant Sorrell did not file a Reply.

4

The Court, having presided over the trial concurs with the Government's position that the trial evidence against Defendant Sorrell was overwhelming:

> 1. eyewitness victim testimony,
> 2. cooperating witness testimony (from someone other than Valdes)
> 3. physical evidence: defendant and McGee's injuries
> 4. defendant's direct and repeated admissions that he shot McGee.

*Id.* Page ID 11236.

The Sixth Circuit opinion affirming the convictions in this case, *United States v. Nicholson* __Fed. Appx.__ (2017) cert denied, March 23, 2018, 2018 WL 1036224, noted:

> The jury heard testimony that Sorrell shot Satan's Sidekick member Leon McGee. . . ." P.7.
>
> Although the mission was to steal rags, several Phantoms, including Sorrell were armed . . . . when Leon McGee emerged, Sorrell and another Phantom attacked Sorrell, punched McGee, and McGee stabbed Sorrell, at which point Sorrell shot McGee. P.8.
>
> [T]here is overwhelming evidence – including Sorrell's own statements caught on recording – that Sorrell actually shot McGee.

P.10

Thus, the contents of the late-disclosed ROI did not provide information that would warrant granting a new trial.

5

Finally, the Sixth Circuit specifically dealt with the Defendant's Brady claim as to the issue of McGee's medical bills:

> Sorrell next argues that the government wrongly suppressed exculpatory medical bills in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). After Sorrell was convicted and sentenced, the government filed an application for victim restitution as to Leon McGee for his injuries from the September 2013 shooting. Attached to this motion were medical bills from McGee's time in the hospital that had not been previously provided to Sorrell's counsel.
>
> Because the alleged *Brady* violation was not first raised with the district court, this court reviews for plain error only. *United States v. Crayton*, 357 F.3d 560, 569 (6th Cir. 2004) ("[When] the defense counsel did not make a motion for a mistrial or raise the question of a possible *Brady* violation to the district court, we review at most for plain error."); *United States v. Dhaliwal*, 464 F. App'x 498, 504 (6th Cir. 2012).
>
> To succeed on a *Brady* claim, a defendant must show: (1) that the evidence in question is favorable, (2) that the state purposefully or inadvertently suppressed the relevant evidence, and (3) that the state's actions resulted in prejudice. *Bell v. Bell*, 512 F.3d 223, 231 (6th Cir. 2008); *see also Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). The prejudice prong of this test requires that "there [be] a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Turner v. United States*, 137 S. Ct. 1885, 1893 (2017) (quoting *Cone v. Bell*, 556 U.S. 449, 470 (2009)).
>
> These medical bills' utter lack of materiality is enough to dispose of Sorrell's *Brady* claim. Sorrell argues that the

bills could have been used to impeach government witnesses' testimony because they do not specifically indicate that McGee was shot in the face. This argument is unpersuasive. First, Sorrell's charge related to this incident is assault with a deadly weapon, which is not tied to the location of the victim's wound. Second, there was substantial evidence presented at trial – including Sorrell's own statements caught on recording – that Sorrell shot McGee. Finally, there was ample additional evidence at trial showing that McGee suffered gunshot wounds to the fact. Although these hospital bills were not introduced, McGee's hospital records were, and these stated that McGee that he received a gunshot would "to the fact" and "had some bullet fragments in his face." DE 730, Gov't Ex. 61, Page ID 11009, 11008. The prosecution even introduced one such fragment at trial, and McGee testified that it had been pulled from his fact. Thus, Sorrell's *Brady* claim is without merit.

*Id*. Pp. 15-16.

Accordingly, Defendant Sorrell's Motion for a New Trial Pursuant to Fed. R. Crim. P. 33 is DENIED.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 28, 2018.

                                                s/Deborah Tofil
                                                Case Manager