UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 13-cr-20764
                                            Paul D. Borman
BRYAN SORRELL,                United States District Judge

    Defendant.
_____/

**ORDER DENYING DEFENDANT BRYAN SORRELL'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

On July 7, 2020 Defendant Bryan Sorrell filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which requires that "extraordinary and compelling reasons warrant such a reduction."

Defendant was convicted by a jury of RICO Conspiracy, 18 U.S.C. § 1962(d), Assault With a Dangerous Weapon in Aid of Racketeering, 18 U.S.C. § 1959(a)(3) and 2, Conspiracy to Commit Assault With a Dangerous Weapon in Aid of Racketeering, 18 U.S.C. § 1959(a)(6), Use and Carry of a Firearm During and in Relation to a Crime of Violence (Firearm Discharged), 18 U.S.C. § 924(c)(1)(A)(iii), and Conspiracy to Commit Murder in Aid of Racketeering, 18 U.S.C. § 1959(a)(5). (ECF No. 847, p. 2.)

He was sentenced to 252 months imprisonment, followed by three years of supervised release. Defendant is presently incarcerated at FCI-Milan.

Defendant contends that he is reforming himself while in the Bureau of Prisons (BOP) by taking advantage of many BOP programs and classes, and that he has no record of prison discipline.

Defendant Sorrell "is 33 years old and is in mostly good health for now, but does suffer from asthma, and needs to use an inhaler four times a day." "He has been evaluated by the BOP as a low pattern risk score." (Defendant's Motion for Compassionate Release, ECF No. 841, 7-20-2020, Page ID 12025.)

The Government concedes that he has exhausted the necessary prerequisite to filing a claim in this Court under 18 U.S.C. § 3582(c)(1)(A).

Defendant acknowledges that none of the four circumstances listed in Sentencing Guideline § 1B1.13 as constituting "extraordinary and compelling reasons" apply in his case, to-wit:

(1) His medical condition;

(2) His age;

(3) Family circumstances;

(4) Other reasons as determined by the director of the Bureau of Prisons (BOP).

(*Id*. at p. 12027).

The fact that Defendant has a Body Mass Index of 33.8%, and also uses an asthma inhaler four times a day, does not amount to a serious medical condition under U.S.S.G. § 1B1.13, cmt. app. note 1(A)(ii)(I).

2

What Defendant contends is that the COVID-19 pandemic and the BOP's inadequate response, indeed indifference to it, qualify as extraordinary and compelling reasons to grant compassionate release.

Defendant Sorrell's conduct in his criminal convictions were extremely violent, dangerous and harmful. As a member of the Phantom Outlaw Motorcycle Club (Phantom), he shot rival Leon McGee in the face, assaulted others, and conspired to commit murder.

He does not satisfy the 18 U.S.C. § 3553(a) factors which the Court must consider under 18 U.S.C. § 3582(c)(1)(A) as they relate to his case:

> (1) The nature and circumstances of this offense were extremely violent and harmful.
>
> (2) There is a need for the long sentence the Court imposed to promote respect for the law, provide just punishment, adequately deter criminal conduct, and to protect the public from further crimes by Mr. Sorrell, notwithstanding his good conduct in a prison environment.

In response to his accusations regarding the BOP's response to the COVID-19 pandemic, this Court notes that the United States Court of Appeals for the Sixth Circuit recently noted: "The BOP has in fact put in place and updates its protocols to address the novel risks from COVID-19." *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020). Further, as of August 3, 2020, the COVID-19 statistics at FCI-Milan are three confirmed positives (two inmates and one staff).

These statistics support the reality that the BOP has acted responsibly in dealing with the COVID-19 pandemic at FCI-Milan.

Also, considering the Policy Statement contained in Sentencing Guideline § 1B1.13: Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A), the Court concludes that there are no extraordinary and compelling reasons that warrant a reduction in Defendant's sentence and compassionate release, and that if released, he would still be a danger to the safety of the community under 18 U.S.C. § 3142(g).

Accordingly, the Court denies Defendant Bryan Sorrell's Motion for Compassionate Release.

SO ORDERED.

DATED:  August 12, 2020

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE